UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-1243 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by finding transferable work skills and by failing to account for his deficits in concentration, persistence, and pace. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 66 years old, has a high school education, and has worked as a code enforcement officer. Dkt. 7, Admin. Record (AR) 32. Plaintiff alleges disability as of May 30, 2014. AR 153. In October 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 21-34. Utilizing the five-step disability evaluation process,[1] the ALJ found:

---

[1] 20 C.F.R. § 404.1520.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: obstructive sleep apnea, obesity, status post bilateral shoulder surgery, status post left knee surgery, peripheral neuropathy, and headaches.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC):** Plaintiff can perform light work, further limited to occasional pushing, pulling, or reaching overhead with both arms. He can never climb ladders, ropes, or scaffolds and can occasionally kneel, crouch, or climb ramps and stairs. He can never work at unprotected heights or in proximity to hazards. He cannot be exposed to extreme cold, heat, vibration, or loud noise. He can perform unskilled and semi-skilled work. He can maintain concentration, focus, persistence, and adequate pace in two-hour increments.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** Because Plaintiff has acquired transferable work skills that enable him to perform jobs existing in significant numbers in the national economy, Plaintiff is not disabled.

AR 23-34.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

## A.    Concentration, Persistence, and Pace Limitations

Plaintiff contends the ALJ found he had "moderate" deficits in concentration, persistence, and pace due to physical impairments, but erred by failing to include corresponding limitations in the RFC. Dkt. 12 at 4.

---

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

At step two, the ALJ found Plaintiff had "moderate deficits" in "concentrating, persisting, or maintaining pace … arising from his severe physical conditions, such as obstructive sleep apnea and pain." AR 25. Plaintiff contends the step two findings must be used in "shaping the RFC." Dkt. 12 at 3. In formulating the RFC used at step five, the ALJ found Plaintiff "can persist, focus, concentrate and maintain an adequate pace in 2 hour increments." AR 27. The ALJ accounted for moderate deficits by imposing a two-hour limitation on maintaining concentration, persistence, and pace at one time. Plaintiff offers no argument why this RFC limitation does not adequately account for moderate deficits.

Instead, Plaintiff argues that a different limitation in the RFC, to "unskilled and semi-skilled work," does not adequately address his moderate deficits. AR 27. Regardless, the ALJ accounted for Plaintiff's moderate deficits by expressly limiting him to two-hour increments. As the Commissioner points out, the two-hour limitation is supported by substantial evidence, such as Plaintiff's report that he can read a book for up to two hours. AR 566.

The Court concludes the ALJ did not err in accounting for Plaintiff's moderate deficits in concentration, persistence, and pace.

## B. Transferable Work Skills

Because Plaintiff is "closely approaching retirement age (age 60 or older)" and limited to light work, he can only be considered to have transferable skills to work that is "so similar to [his] previous work that [he] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1563(e); *id.* at § 404.1568(d)(4).

The ALJ found the vocational expert's testimony established that Plaintiff's past work as a code enforcement officer gave him "acquired work skills … transferable to" occupations such

as security guard, warehouse watch guard, and merchant patroller.[3]  AR 34, 33.  The ALJ found

the vocational expert's testimony established that Plaintiff would need to make "very little, if

any, vocational adjustment in terms of tools, work processes, work settings, or the industry."  AR

34.

Substantial evidence supports the ALJ's findings.  The vocational expert testified

Plaintiff's skills "certainly would be transferable" to the three example occupations because they

involve "dealing with enforcement and regulations and his ability to observe and report."  AR

141.  The specific transferable skills were "ability to observe, write reports, report back to

people, … to tell people if they're doing something they shouldn't be doing. … They call for

help if they need to call for help.  And they know … what people can and cannot do, if they're

going somewhere they shouldn't go, for instance."  AR 142-43.  This was sufficient to support

the ALJ's finding of transferable skills.

The vocational expert testified there would not be "more than minimal vocational

adjustment required" for the three example jobs.  AR 143-44.  Plaintiff argues the vocational

expert never stated specifically that "very little, if any, vocational adjustment" was needed.  Dkt.

12 at 11.  However, evidence establishing "'very little vocational adjustment' or otherwise

acknowledg[ing] that a more stringent test is being applied which takes into consideration

[claimant's] age" is all that is required.  *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986).

The vocational expert's testimony of "minimal" vocational adjustment meets the stringent

standard.  This constituted substantial evidence supporting the ALJ's finding that little if any

vocational adjustment would be needed.

---

[3] The vocational expert described all three example occupations—security guard, warehouse watch guard, and merchant patroller—as "all security guard jobs in different kinds of settings."  AR 143.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

Plaintiff argues the ALJ erred by failing to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* (DOT). Dkt. 12 at 10-11. Plaintiff contends, because the DOT codes for Materials, Productions, Subject Matter, and Services (MPSMS), Work Fields, and Industry for his past work differ from those for the jobs the ALJ found he could perform, that the DOT contradicts the vocational expert's testimony. Plaintiff offers no authority for the proposition that matching codes are the only way to establish that skills transfer between occupations, or that mismatch between codes contradicts vocational expert testimony of transferability. In fact, the internal Social Security Administration manual Plaintiff cites recommends searching for matches in those codes *or other codes*, indicating that those codes are not the only way to establish transferability. *See* Dkt. 12 at 9 (citing Program Operating Manual System DI 25015.017(I)). Plaintiff has not shown a conflict between the DOT and the vocational expert's testimony, and thus the ALJ did not err by failing to resolve a conflict.

The Court concludes the ALJ did not err in finding transferable work skills.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 18 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE